The action stood over to this term' for advisement; and now the opinion of the Court was delivered by
* Sedgwick, J.
It is not necessary distinctly to notice the several counts and demurrers presented by this record ; because the same material facts appear in each, and the same principles and conclusions are applicable to them all.
As to the objection, arising from the uncertainty of the year when the recognizance was entered into, as it is said to be described in the original execution, I make no account of it in the opinion *73 which I give. Let it have been intended to express the year 1805 or 1806, the variance between the time of entering into the recognizance, as alleged in the execution, and the true time, will be equally irreconcilable. — The true time was the seventh of March, 1805; that stated in the execution, the twenty-fifth of June, either 1805 or 1806. Yet it may be noticed, that if the justice, when he issued the execution, meant to write 1806, the time would have been impossible; because it had not arrived at the date of the execution.
In all the counts it is alleged, that the execution issued upon the recognizance; and by the demurrer every thing that is well set forth, — every pertinent and reasonable allegation, which it was competent for the plaintiff to make, — must be considered as true. Will, then, the allegation, that the execution issued on the recognizance set forth, between which there are material variances as to times and sums, so validate the execution, as to take from the sheriff all excuse for not. serving it ?
The time of entering into the recognizance was on the seventh of March, 1805. The time stated in the execution was the twenty-fifth of June, either 1805 or 1806. The sum acknowledged to be due, five hundred and three dollars and seventy-five cents, and the sum said in the execution to have been acknowledged to be due, five hundred and three dollars, the seventy-five cents being omitted.
In addition to this, the execution states no time when the debt ought to have been paid.
It will be important to consider in what circumstances, in relation to this subject, these parties, I mean the conusor * and conusee, would have been, if the execution had been paid and satisfied, either by compulsion or voluntarily. Suppose that to have been done, and the creditor to have brought an action of debt upon the recognizance, could the defendant in such action have availed himself of the payment, by pleading it in bar of the action ? — The payment of the execution would show that a recognizance entered into on the twenty-fifth day of June, for five hundred and three dollars, payable on the 25th of June, (without mentioning any year,) had been paid. Would it have been competent for the defendant, in such a case, to prove that the recognizance, on which the execution issued, was in fact entered into on the seventh day of March, and for the sum of five hundred and three dollars and seventy-five cents, and payable on the twenty-fifth day of June, one thousand eight hundred and five 1 This question must be decided by the known rules of pleading, and the proof required on trial, to support affirmative allegations.
In such a plea the defendant must have alleged, that the recog *74 nizance set forth in the execution which had been paid, and that on which the action was brought, were the same, and not different; and that allegation must be supported by evidence. Would evidence to that purpose be admissible ?
It is indeed a contradiction in terms, to say that a recognizance, entered into on the seventh day of March, is the recognizance that was entered into on the twenty-fifth day of June ; or that a recognizance for five hundred and three dollars and seventy-five cents, and one for five hundred and three dollars, are the same. And in such a case, the burden of proving the affirmative allegation, that the recognizance paid and that on which the action was brought were the same, would have rested on the defendant. This fact could not be proved by parole evidence; for it is a well-known rule of law, that parole evidence is not admissible to vary the meaning of a deed, or to explain that which is apparent upon the face .of it. Now, a recognizance is a * deed, and something more; it is a contract of a most solemn nature; and an execution which issues upon it, as to the power which it confers, and the duty which it imposes upon an officer, are of the .same nature, as in case of an execution which issues from a court of record. From hence it appears, that it would not be competent for the defendant in the case supposed, to prove that the execution which issued, was in fact intended to be issued, upon the recognizance set forth; because this would be, either to vary the recognizance, and make it comport with the execution ; or, what is quite as much beyond his power, to vary the execution, and make it comport with the recognizance.
Besides, a justice of the peace, in taking a recognizance, and in issuing an execution, exercises no judicial power; but acts merely as a ministerial officer. In the latter respect, the statute declares that “ he shall award and make out, on such recognizance, a writ or process of execution.” On the recognizance which he tajees only is he authorized to award an execution. Now, in this case, the justice did not award an execution on the recognizance which he had taken. He has awarded no execution on a recognizance taken in March, nor on a recognizance taken for five hundred and three dollars and seventy-five cents. And the execution which he did issue, upon a recognizance said to have been taken in June, but which never was taken, was issued without any authority. Such an authority must be strictly pursued; but here the authority was not at all pursued : the variances were material.
But had the officer proceeded to execute the writ, the conusor, Chamberlain, would not have been without his remedy. He might have brought his action against the plaintiff, and, I think, against *75 the justice. If a fieri facias be not warranted by the judgment on which it is awarded, though the sheriff shall be excused for executing it, yet as to the party it is merely void. (4) A judgment on which an execution issued is vacated; and although the * officer is excused for executing the writ, yet an action can be maintained against the party. (5) And trespass will lie against a plaintiff who has sued out a void writ. (6)
The case under consideration is at least as strong as either of those which have been mentioned ; and the gravamen of the plaintiff, of consequence, is that the officer did not do that which could have been of no benefit to him, but, on the contrary, would have subjected him to an action of trespass. Had the execution proceeded, and had Chamberlain brought an action against the present plaintiff, if he could not have shown (and it would have been impossible) a sufficient warrant for it, the action would have been maintained. In this case, then, the plaintiff has sustained no injury by the default which he charges against the sheriff; and it appears to me, that whenever that certainly appears to be the case, no action can be supported.
In the case of Alexander vs. Macauly & Al., (7) it was determined, on the authority of that of Gunter vs. Clayton, (8) that in an action against the sheriff for the escape of a prisoner on mesne process, if the plaintiff cannot prove any debt against the prisoner who escaped, he mast be nonsuited, and cannot recover even nominal damages. Innumerable cases have been determined, involving this principle.
In Dr. Drury’s case, (9) it was determined, that if an escape be suffered, and afterwards the judgment, on which the prisoner was committed, be reversed, an action cannot be maintained for the escape, but that the sheriff may plead nul tiel record. And in the case of Jones vs. Pope, (10) it was determined, that in an action for an escape of one committed upon an execution, it was necessary for the plaintiff to show a judgment, on which the ca. sa. issued ; for otherwise the plaintiff had lost nothing by the escape. — A writ of execution, in the case of a common person, must in England bear test in term time; but if tested out of term time, it will justify a sheriff in executing it; but as it is void to * every other purpose, no action can be maintained against the sheriff, if he lets the prisoner escape. (11) And if one escape on a copias ad respondendum returnable after an intervening term, and *76 permitted to go at large, no action for an escape will lie, because such a writ ought to have been issued. (12) Indeed it may be laid down as universally true, that whenever the process, by virtue of which one is arrested, is void, no action can be supported for his escape.
It is true, that if the proceedings on the judgment, on which process is founded, are merely erroneous, and not void, the officer cannot, for that reason, excuse himself for disobeying the precept -, and the true 'reason I conceive to be, that, from very wise considerations, the court will not thus collaterally and incidentally correct errors. But on the other hand, if it appears that the judgment is void, it is otherwise; and the reason on which this principle of law is founded, it seems to me, applies with great force to the case under consideration. For surely he who has nothing at all to authorize the issuing of an execution in his favor, (as in this case,) has not more reason to complain that it is not served, than he who has an ostensible debt by a void judgment.
To prove that a sheriff is excused for suffering a prisoner to escape, who is taken by an execution issued on a void judgment, the case of Squibb vs. Hole, before cited, is directly in point.
That was an action for an escape. The plaintiff declared, that he prosecuted one J. S., in the court of Ely, on a bond made infra jurisdictionem of that court, and that the debtor was taken by the defendant, who suffered him to escape. The defendant in the original action had appeared in the court below, and admitted the jurisdiction, by pleading non est factum; but it appeared, by a special verdict taken on the trial, that in fact the bond was not made within the jurisdiction of the inferior court. As, in a court of inferior and local jurisdiction, its proceedings on subjects * not arising within their jurisdiction, and its judgments on them, are void, judgment was in this case rendered in favor of the defendant. And the true reason was, that as the judgment in the inferior court was void, the plaintiff had no just ground for complaint, that the person of the original defendant was not holden in custody by the execution. Whether the principle, on which the court must have proceeded, was properly applied in this case, — in other words, whether it was competent for the officer to show, that the cause of action arose out of the jurisdiction of the inferior court, after it had been admitted by the original defendant,—may perhaps be doubted, from the authority of Higginson vs. Sheif, (13) and of Luttin vs. Benin; (14) but it does not at all af *77 feet the principle, that whenever it does appear to the court, that the plaintiff has suffered nothing by that conduct of the officer, of which he complains, no action can be maintained ; and why should it ?
Now, in this case, it has already been shown that no benefit could have resulted to the plaintiff, if the officer had proceeded to execute the execution issued by the justice; and from thence I conclude, as well from reason as from a concurrence of all the authorities, that this action cannot be maintained.

Declaration adjudged had.

 Vent. 259.

 Sir T. Raym. 73, Turner vs. Trelgate. — 1 Lev. 95, S C

 3 Wils. 341, Parsons vs. Loyd. — 2 W. Black. 845, S. C.

 4 D. & E. 611.

 2 Lev. 85.

 8 Co. 142.

 1 Saund. 37

 Salk. 700.—7 Mod. 30. — L. Raym. 775. — Bac. Abr. Execution, C.

 2 Mod. 29, Squibb vs. Hole. — 1 Freem. 193, S. C.

 Com Rep. 153..

 11 Mod. 50 — Salk. 201, S. C. — Holt, 186, S. C